UNITED STATES *v.* AMERICAN EXPRESS CO. (No. 1816).[1]

1. CONSTRUCTION, PARAGRAPH 210, TARIFF ACT OF 1913—"TULIPS"—"CUT FLOWERS."

The word "tulips," paragraph 210, tariff act of 1913, does not describe the tulip bulb only [Maltus & Ware *v.* United States (6 Ct. Cust. Appls., 525; T. D. 36146)] or the tulip flower only. Its meaning includes the plant or the plant and flower before the flower is severed from the plant.

2. CUT TULIP FLOWERS.

Tulip flowers severed from the plant are not dutiable as "tulips," but as "cut flowers" under paragraph 210, tariff act of 1913.

### United States Court of Customs Appeals, November. 3, 1917.

APPEAL from Board of United States General Appraisers, G. A. 8013 (T. D. 36928). [Reversed.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin* and *Samuel Isenschmid*, special attorneys, of counsel), for the United States.

*Allan R. Brown* for appellee.

[Oral argument Oct. 10, 1917, by Mr. Baldwin and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in question in this case is tulip flowers severed from the plant, and the question presented is under which of two clauses of paragraph 210 of the tariff act of 1913 the importation is dutiable. We quote the two clauses in question:

(First.) * * * Lily of the valley pips, tulips, narcissus, begonia, and gloxinia bulbs, $1 per thousand; * * *.

(Second.) Orchids, palms, azalea indica, and cut flowers, preserved or fresh, 25 per centum ad valorem.

In the case of Maltus & Ware (6 Ct. Cust. Appls. 525; T. D. 36146) we had under consideration the question as to whether tulip bulbs fell within the first clause above quoted. In the absence of testimony showing commercial designation, we held—the word "tulips" having been introduced in the plural by amendment of the prior act—that this word was not intended to describe tulip bulbs. Another case is now pending before the court in which commercial testimony has been introduced which is claimed by the Government to show that the word "tulips" is used commercially to designate tulip bulbs.

That question is not, however, involved in the present case. The case stands upon the ordinary meaning of the words and was so treated by the board.

The board in the present case proceeded upon the authority of the case of Maltus & Ware, supra, and seemed to rest their conclusion upon the ground that the opinion of this court in that case must have proceeded upon the view that the word "tulips" meant the cut flowers of the tulip plant. There is, however, nothing in the

---

[1] T. D. 37412 (33 Treas. Dec., 359).

opinion which necessarily implies that such view was entertained by the court. The board, in deciding the present case, stated:

It seems unreasonable to hold that cut flowers, being tulips, are dutiable under this second clause of the paragraph in the face of the fact that cut flowers are provided for specifically in the first clause at a rate of duty which, in this case, would be much higher than the specific duty of $1 per thousand. If, however, tulip bulbs are not covered by this clause in the paragraph, and tulip flowers are excluded therefrom, there appears, so far as the record in this case discloses, nothing to which the word "tulips" could apply.

We think this assumption is not justified. The tulip plant may consist of the bulb and the flowering stock constituting the tulip plant. This unquestionably may be a complete tulip before it flowers at all. The Century Dictionary definition of tulip is—

A plant of the genus *Tulipa*, of which several species are well-known garden bulbs with highly colored bell-shaped flowers, blooming in spring.

This we think is the ordinary botanical meaning of the word "tulip." Unquestionably it may include the flowers as a part of the plant, and the word may be given a secondary meaning which includes the flower itself. But assuming this to be so, the association of the word "tulips" with lily of the valley pips, narcissus, begonia, and gloxinia bulbs would indicate a restricted meaning of the word "tulips" as thus placed, particularly when in another portion of the same paragraph cut flowers, without any limitation or restriction, with no n. s. p. f. provision, are provided for eo nomine.

We think the board was in error in assuming that unless the word "tulips" as employed was held to imply and include cut flowers it could, in view of our former decision, have no operation whatever. We think it has a meaning which includes the plant, or the plant and flower before the flower is severed from the plant.

The decision of the board is *reversed*.